UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP CHRISTOPHER DISTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. ARMY, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-1447 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

　　I.　　Application to Proceed In Forma Pauperis

　　　　Plaintiff has moved for leave to proceed in forma pauperis.  ECF No. 2.  "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987).  For the reasons set forth below, the undersigned finds this action to be frivolous and will recommend that plaintiff's application to proceed in forma pauperis be denied.

　　II.　　Statutory Screening of Prisoner Complaints

　　　　The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

1

1  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
2  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
3  monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).
4      A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
6  Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
7  theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,
8  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
9  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a
10 constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
11 Franklin, 745 F.2d at 1227-28 (citations omitted).
12     "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
13 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
14 what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
15 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
16 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
17 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,
18 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure
19 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
20 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
21 speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain
22 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
23 cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
24 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).
25     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
26 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
27 Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
28 content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that plaintiff is in a state of emergency because he is being tortured by the United States Army in an attempt to murder, kidnap, and sexually assault him. ECF No. 1 at 3-4. Plaintiff asserts that from 2019 through 2020 and from 2022 through 2023, the United States Army has been using a top-secret military weapon—a laser that he believes is located on a satellite—to torture him. Id. The California Department of Corrections and Rehabilitation (CDCR) has refused to provide plaintiff with safe housing to prevent the torture or to assist with investigating the torture. Id.

### IV. Failure to State a Claim

"[T]he United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). Plaintiff has the burden of showing a waiver of immunity, Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983) (citation omitted), and has not done so here. The claims against the CDCR are similarly barred by sovereign immunity because the prison is an arm of the state. See Howlett v. Rose, 496 U.S. 356, 365 (1990) (the state and arms of the state "are not subject to suit under § 1983" (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989))).

Moreover, even if plaintiff could name proper defendants (under the Federal Tort Claims Act, 42 U.S.C. § 1983, or other statute creating a private cause of action), the allegations in the complaint are fantastical. "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations omitted). The facts alleged by plaintiff are patently

incredible, and the complaint must therefore be dismissed.

The court further notes that, except for a portion of the time period at issue and the prison at which plaintiff was incarcerated, the allegations in the instant complaint are nearly identical to those in Distin v. U.S. Army (Distin I), No. 1:20-cv-0860 AWI SAB (E.D. Cal.), which was dismissed with prejudice at the screening stage for failure to state a claim. Distin I, ECF Nos. 1 (complaint), 17 (order dismissing complaint with prejudice). To the extent plaintiff's claims overlap those in Distin I, those claims were dismissed with prejudice and cannot be pursued in this case.

V. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed with prejudice and without leave to amend.

VI. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed with prejudice and without leave to amend because it fails to state a claim for relief. Also, you cannot reassert claims that were previously dismissed with prejudice in another case.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be DENIED.

2. The complaint be dismissed with prejudice and without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge

4

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2023

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE